Entered on Docket
December 13, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: December 13, 2007

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 06-30904 TC |
| SOPHIE H. NG,<br>aka SOPHIE HA NG,<br>aka SOO HA NG,<br>aka SOPHIE HA NG LUM, | Chapter 11 |
| Debtor. | |

### MEMORANDUM RE MOTION FOR STAY PENDING APPEAL

The court held a hearing on November 29, 2007 on the motion of Patricia Hewlett for a stay pending appeal of this court's September 28, 2007 order requiring her to turn over possession of the real property known as 1385 Clay Street, San Francisco, California (the Property). Jeffrey L. Fillerup appeared for the chapter 11 trustee, Janina M. Elder (Trustee). James Attridge appeared for Ms. Hewlett. Upon due consideration, and for the reasons stated on the record and set forth below, the motion is denied.

**FACTS**

This court entered an order on August 17, 2007 authorizing Trustee to sell the Property free and clear of certain interests of

MEMORANDUM RE MOTION
FOR STAY PENDING APPEAL
-1-

Hewlett, with her interests to attach to the proceeds of sale, pursuant to section 363(f) of the Bankruptcy Code. Hewlett did not timely appeal from that order. On September 28, 2007, this court authorized Trustee to sell the Property free and clear of all interests of Hewlett to A.J. Batt for $4,680,000. Hewlett did not timely appeal that order. On September 28, 2007, the court also ordered Hewlett to turn over the Property to Trustee to facilitate the closing of the Sale. Hewlett did not timely appeal this order. On November 2, 2007, the court modified the turnover order to bar Hewlett's brother, Javier Rivera, from the Property. It is with respect to this November 2nd order that Hewlett filed a timely notice of appeal and seeks a stay pending appeal. It is undisputed that the sale to Mr. Batt closed before the November 29th hearing re stay pending appeal.

**DISCUSSION**

I decline to grant a stay pending appeal for the following reasons.

First, Hewlett has not shown a likelihood of prevailing on the merits of the appeal. She argues that she did not receive adequate notice of the September 28th hearing on Trustee's turnover motion, but does not set forth before this court a persuasive opposition to the motion even at this date. The order authorizing sale of the Property free and clear of all of Hewlett's interests under section 363(f) extinguished all of her interests in the Property as of the sale closing, including any rights under section 365(h). See Precision Industries, Inc. v. Qualitech Steel SBQ, LLC, 327 F.3d 537 (7th Cir. 2003).

**MEMORANDUM RE MOTION**
**FOR STAY PENDING APPEAL**

-2-

Second, the appeal of the turnover order is very likely moot. The orders allowing sale of the Property free and clear of Hewlett's interests are final. These orders were sufficient to eliminate her leasehold and possessory interest in the Property. Mr. Batt now holds secure title to the Property free and clear of all interests of Hewlett. In these circumstances, no effective remedy is available. The turnover order was an interim remedy only (to remove Hewlett from the Property pending the closing of the sale to Mr. Batt). Upon the closing of the sale free and clear, Hewlett ceased to have any interest in the Property. Vacating the interim remedy would still leave her without any right to be on the Property at this time.

Third, a stay pending appeal is inappropriate, because Hewlett has not done equity herself. She failed to produce the lease agreements re the Property when ordered to do so.[1] She failed to appear for her properly-noticed deposition, and did not produce documents in response to document requests.[2] After later appearing at the deposition, Hewlett agreed to produce all documents the court ordered her to produce, but then refused to do so.[3] After entry of the orders terminating all of Hewlett's interests in the Property and enjoining her from entering the Property, Hewlett repeatedly entered the Property, failed to return the keys to the Property, and apparently subleased an apartment unit in the

---

[1] Fillerup Declaration Re Noncompliance with Order by P. Hewlett, Case No. 06-30904, Docket No. 167, ¶¶ 6-9.

[2] Fillerup Decl. Re Non-Appearance by P. Hewlett, Case No. 06-30904, Docket No. 191, ¶¶2-5; Supplemental Fillerup Decl. ISO Motion to Compel, Adv. Proc. No. 07-3071, Docket No. 32, ¶¶5-6.

[3] Fillerup Decl. ISO Motion to Compel, ¶5.

**MEMORANDUM RE MOTION**
**FOR STAY PENDING APPEAL**

-3-

Property to her brother for $495 a month.[4]  Hewlett also did not comply with this court's order to file and serve on Trustee a declaration accounting for income and expenses received by Hewlett while she had possession of the Property.[5]

**\*\*END OF MEMORANDUM\*\***

---

[4] Fillerup Decl. In Support of Motion to Amend Order re Turnover, Docket No. 243, ¶¶ 7-15.

[5] Supplemental Fillerup Decl. ISO Motion to Compel, Adv. Proc. No. 07-3071, Docket No. 32, ¶8.

**MEMORANDUM RE MOTION FOR STAY PENDING APPEAL**

-4-

| | |
|---|---|
| 1 | **Court Service List** |
| 2 | |
| 3 | Jeffrey Fillerup, Esq.<br>Luce, Forward, Hamilton and Scripps<br>121 Spear Street, Suite 200 |
| 4 | San Francisco, CA 94105 |
| 5 | James Attridge, Esq.<br>Scopelitis, Garvin, Light and Hanson |
| 6 | 1390 Market Street, Suite 1204<br>San Francisco, CA 94102-5306 |
| 7 | |